

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00100-CR

KEITH ALLEN BURNHAM, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1625105

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Keith Allen Burnham entered an open plea of guilty to theft of property valued at less than $2,500.00, with two or more prior theft convictions, a state jail felony.[1]  Burnham also pled true to the State's two enhancement allegations, making the theft offense punishable as a third-degree felony.[2]  Burnham was sentenced to ten years' imprisonment, but the sentence was suspended in favor of placing him on community supervision for a period of ten years.  The State subsequently alleged that Burnham violated several terms and conditions of his community supervision and moved to revoke it.  Burnham pled true to many of the allegations and, after an evidentiary hearing, the trial court granted the State's motion and sentenced Burnham to ten years' imprisonment. Burnham appeals.

Burnham's attorney on appeal has filed a brief stating that he has reviewed the record and has found no genuinely arguable issues that could be raised.  The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial proceeding.  Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal.  *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*,

---

[1]*See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2018).

[2]*See* TEX. PENAL CODE ANN. § 12.425(a) (West Supp. 2018).

573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).  Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

By letter dated September 24, 2018, counsel mailed to Burnham a copy of the brief and the motion to withdraw and a motion for pro se access to the appellate record lacking only Burnham's signature.  Burnham was informed of his right to review the record and file a pro se response.  By letter dated September 25, 2018, this Court informed Burnham that his signed pro se motion for access to the appellate record was due on or before October 10, 2018.  On October 23, 2018, we informed Burnham that any pro se response was due on or before November 26, 2018.  On December 11, 2018, this Court further informed Burnham that the case would be set for submission on the briefs on January 2, 2019.  We received neither a pro se response from Burnham nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous.  We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment.  *Id.*

We affirm the judgment of the trial court.[3]

Scott E. Stevens
Justice

Date Submitted:     January 2, 2019
Date Decided:       January 28, 2019

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.